**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eduardo SANCHEZ–CALDERON, aka Eduardo Sanchez Calderon, aka Eduardo Gomez, aka Rick Gomez, aka Ricardo Lopez, aka Ricardo Gomez Lopez, aka Ricardo Sanchez, Defendant–Appellant.**

No. 10–50136.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2011.*

Filed June 15, 2011.

Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for

Barry L. Morris, Walnut Creek, CA, for Defendant–Appellant.

Before: D.W. NELSON and IKUTA, Circuit Judges, and PIERSOL, Senior District Judge.**

MEMORANDUM ***

Because Sanchez–Calderon's motion to withdraw his guilty plea to the § 1326(a) violation was based on a claim of "[e]rroneous or inadequate legal advice" regarding the possibility of a collateral attack on his 1994 deportation order, there was no requirement that he cite a "reason for withdrawing the plea that did not exist when the defendant entered his plea," just that he show that this advice could "plausibly ... have motivated his decision to plead guilty." *United States v. McTiernan,* 546 F.3d 1160, 1167 (9th Cir.2008) (internal quotation marks omitted). But while the district court applied the wrong legal standard in considering Sanchez–Calderon's motion, any error is harmless because Sanchez–Calderon's 2006 deportation order, which he admitted and does not challenge on appeal, provided a separate basis for the § 1326 prosecution at issue, and a reasonable person with no defense to one of the deportation orders underlying his criminal prosecution would have pled guilty regardless of the invalidity of an

---

South Dakota, Sioux Falls, sitting by designation.

*** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36-3.

earlier, separate deportation proceeding. *See United States v. Mayweather,* 634 F.3d 498, 504–05 (9th Cir.2010).

**AFFIRMED.**